UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LOUIS AMBROSE,                                              Case No. 14-CV-4178 (DWF/JJK)

                    Plaintiff,

v.                                                         REPORT AND RECOMMENDATION

DR. JOANNE C. SMITH, Mercy Hospital —
Moose Lake MN; DR. MANDAC, Moose
Lake Healthcare Provider; FARIBAULT
HEALTH SERVICES STAFF; and
FARIBAULT PRISON, all defendants to be
sued in their individual and official capacity,

                    Defendants.

        Plaintiff Louis Ambrose, a Minnesota state prisoner, commenced this action by filing a

complaint seeking relief under 42 U.S.C. § 1983.  He did not pay the filing fee for this case, but

instead filed an application seeking leave to proceed *in forma pauperis* ("IFP").  ECF No. 2.  On

October 14, 2014, this Court ordered Ambrose to pay the initial partial filing fee required under

28 U.S.C. § 1915.  *See* ECF No. 3.  Ambrose has now paid the initial partial filing fee for this

case, and this Court can now consider whether to grant Ambrose's IFP application.

        An IFP application will be denied, and the action will be dismissed, when an IFP

applicant has filed a complaint that fails to state a cause of action on which relief may be

granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir.

1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be

granted, this Court must accept as true all of the factual allegations in the complaint and draw all

reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820

(8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they

must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Ambrose alleges that on August 27, 2013, he suffered a stroke while in prison.  *See* Compl. at 4 [ECF No. 1].  Prison officials sent Ambrose that same day to Mercy Hospital in Moose Lake, Minnesota, but medical staff at that hospital failed to diagnose the stroke, and Ambrose was returned to prison.  *Id*.  The next day, Ambrose suffered a second stroke and was sent to a different hospital in St. Paul, Minnesota, where Ambrose's condition was correctly diagnosed.  *Id*. at 4-5.  As a result of the initial incorrect diagnosis, says Ambrose, he now suffers from several ailments, including loss of vision, altered speech, nerve damage, and severe headaches.  *Id*. at 5.  Ambrose alleges that these maladies resulted from defendants' deliberate indifference to his medical needs.

As this Court previously warned Ambrose, his complaint fails to state a viable claim for relief against any of the defendants named in this action.  First, state prisons are unamenable to suit under § 1983.  *See Celia v. N. Cent. Corr. Facility*, No. C13-3003-MWB, 2014 WL 4961450, at *1 n.1 (N.D. Iowa Oct. 3, 2014) (compiling cases).  Ambrose therefore cannot bring § 1983 claims against defendant Faribault Prison, and that defendant must be dismissed from the case.

Second, and most fundamentally, Ambrose has failed to allege facts showing that anyone was deliberately indifferent to his medical needs.  "[T]o demonstrate deliberate indifference, a plaintiff must allege more than 'an inadvertent failure to provide adequate medical care' or negligence 'in diagnosing or treating a medical condition.'"  *Steele v. Meade Cnty. Jail Officials*, Civ. No. 06-5087-AWB, 2008 WL 4449924, at *2 (D.S.D. Sept. 18, 2008) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).  Ambrose does not allege any of the defendants entirely shirked their responsibility to provide him with medical care, or that any defendant failed to act with diligence in treating his condition.  Instead, Ambrose alleges only that doctors at Mercy Hospital made a mistaken diagnosis.  But "medical malpractice is not deliberate indifference." *Fourte v. Faulkner Cnty., Ark.*, 746 F.3d 384, 389 (8th Cir. 2014).  There is no indication whatsoever from the complaint that any defendant acted with deliberate indifference Ambrose's medical needs.  Prison officials transferred Ambrose to a hospital the same day he suffered each of the strokes, and the doctors tasked with examining Ambrose performed their duties the same day that Ambrose arrived at the hospital.  Those doctors may have performed their duties poorly, and that poor performance may create the basis for a state-law claim of negligence or medical malpractice, but it is not a sufficient basis for a constitutional deliberate-indifference claim.[1]

---

[1]Because each of the parties to this action appears to be a citizen of Minnesota, this Court lacks jurisdiction over any state-law claims (such as claims of negligence or medical malpractice) unless it exercises supplemental jurisdiction under 28 U.S.C. § 1367.  The Eighth Circuit has made clear, however, that when all federal claims in a complaint have been dismissed before trial, the court should decline to exercise supplemental jurisdiction over the remaining state-law claims.  *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). The only federal claim brought by Ambrose is one of deliberate indifference under § 1983.  This Court recommends dismissal of that claim.  Accordingly, this Court also recommends that supplemental jurisdiction not be extended to any state-law claims that might be raised by Ambrose's complaint.

Third, 42 U.S.C. § 1997e(a) "requires immediate dismissal of all claims brought by inmates with respect to prison conditions . . . under 42 U.S.C. § 1983 or any other federal law until such administrative remedies as are available are exhausted." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005). Ambrose alleges in his complaint that there is a prisoner grievance procedure at the prison where he is incarcerated, but that he has not presented attempted to avail himself of that grievance procedure. *See* Compl. at 3. Nor has Ambrose provided any explanation for his failure to exhaust administrative remedies in this case, despite this Court's previous warning that failure to exhaust administrative remedies may warrant dismissal of this case. *See* ECF No. 3 at 3 n.2. Accordingly, § 1997e(a) provides an independent basis for dismissing this action.

For those reasons, this Court recommends that Ambrose's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that his application to proceed IFP be denied as moot. Ambrose will remain responsible for the unpaid portion of the filing fee in this case, notwithstanding the dismissal of his complaint..

RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.     This action be SUMMARILY DISMISSED pursuant to 28 U.S.C.
       § 1915(e)(2)(B)(ii).

2.     Plaintiff Louis Ambrose's application to proceed *in forma pauperis* [ECF No. 2]
       be DENIED AS MOOT.

Dated: November 6, 2014                    _s/*Jeffrey J. Keyes*_____
                                           Jeffrey J. Keyes
                                           United States Magistrate Judge


## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 20, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.